

**IT IS ORDERED as set forth below:**

**Date: December 30, 2025**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| APRIL SPENCER, | CASE NO. 25-57260-BEM |
| Debtor. | CHAPTER 11 |
| APRIL SPENCER, | |
| Movant, | |
| v. | Contested Matter |
| AMERIS BANK, | |
| Respondent. | |

### ORDER

This case is before the Court on Debtor's *Objection to Claim* (the "Objection") [Doc. 36] and Respondent Ameris Bank's *Response to Motion* (the "Response"). [Doc. 44]. A hearing on both matters was held on November 18, 2025. During the hearing, the Court directed the parties to file briefs on whether the issues raised in the Objection are barred by *res judicata*.

On December 9, 2025, Ameris Bank filed its brief ("Ameris Bank's Brief") [Doc. 48] and Debtor filed her brief ("Debtor's Brief"). [Doc. 49].

**Background**

On September 2, 2025, Ameris Bank filed Proof of Claim No. 5 (the "Claim") in the amount of $1,678,778.04 secured by Debtor's real property located at 648 Carriage Way NW, Atlanta, Georgia 30327 (the "Property"). The debt owed to Ameris Bank is secured by a first priority security deed dated March 4, 2016 and recorded in the Superior Court of Fulton County, Georgia. The Claim states that the arrearage amount is $542,105.55.

In the Objection, Debtor objects to Ameris Bank's disputed fees, interest calculations, other charges, and computation of the arrearage amount because Debtor believes the arrearage in the Claim does not include payments Debtor made. Debtor further argues that, from February 2020 to April 2024, Debtor paid the amount of $364,824.39 on her mortgage. After depositing a $10,707.14 mortgage payment by Debtor in March 2024, Respondent stopped accepting payments. On April 3, 2024, Ameris bank sent a letter to Debtor, attached to the Objection at Exhibit A, acknowledging receipt of the funds, and indicating that funds were being returned because: i) Ameris Bank accelerated the mortgage and payment received is insufficient to pay what is due or reinstate the mortgage; and ii) Ameris Bank will continue with the foreclosure process. Thus, Debtor argues that Ameris Bank is not entitled to the $542,105.55 arrearage reflected in the Claim.

In the Response, Ameris Bank argues that Debtor is barred by res judicata from challenging any arrearage based on the events that occurred from February 2020 through April 2024. On June 20, 2024, Debtor filed suit against Ameris Bank in the District Court for the Northern District of Georgia, case no. 1:24-cv-02695-MHC (the "District Court Case"). In

Debtor's complaint in the District Court Case, paragraphs 36 and 37 match the language used in Debtor's Objection about the payments being made from February 2020 through April 2024, how much was paid on the loan, and the payment made in March 2024. Ameris Bank further argues that in Count X of the district court complaint for declaratory judgment, Debtor challenged the amount due and owing on the mortgage.

On January 13, 2025, Magistrate Judge Catherine M. Salinas issued a Final Report and Recommendation on a Motion to Dismiss filed by Ameris Bank (the "R&R"). [Doc 44-2]. In the R&R, Judge Salinas stated, "Spencer [ ] is not entitled to a declaration determining the amounts owed on the Loan or her rights to pay those amounts going forward because she has not pled facts suggesting that there is an actual controversy about the amount owed or her right to pay." [Id. at 30]. On March 11, 2025, Judge Mark Cohen entered an order overruling objections Debtor had to the R&R and adopting the R&R (the "Dismissal Order"). [Doc. 44-3]. On the same day, a judgment was issued dismissing the case with prejudice by the court clerk (the "Judgment"). [Doc. 44-4]. Debtor did not appeal the judgment.

After a hearing on the Objection and Response was held on November 18, 2025, the Court directed parties to file briefs about the legal issue of res judicata, and such briefs were filed on December 9, 2025. In Ameris Bank's brief, it argues that res judicata applies because: (i) Debtor's objection raises issues that could have been raised in the district court lawsuit; and (ii) nothing in the Bankruptcy Code alters the res judicata analysis. As to the application of 11 U.S.C. § 1124, which the Court had mentioned in the hearing, Ameris Bank argues that both §§ 1123 and 1124 address the contents of the plan and not the claims allowance process, and Debtor could not alter Ameris Bank's claim through the plan because the Claim is secured by Debtor's principal residence.

3

In Debtor's Brief, Debtor asserts that the District Court Case did not seek an accounting under O.C.G.A. § 23-2-70, which could have been brought in a subsequent or parallel state court action, that the District Court did not permit an accounting under the declaratory judgment claim, and that Ameris could have but did not bring a counterclaim for determination of the exact amount owed.

### Analysis

Debtor does not dispute that Ameris Bank's Claim complies with the requirements of Federal Rule of Bankruptcy Procedure 3001(c). Therefore, the proof of claim serves as "prima facie evidence of the validity and amount of the claim." *Id.* 3001(f). To overcome the prima facie validity of the claim, Debtor must "must support [her] objections with evidence to negate a fact set forth in the proof of claim." *In re Walston*, 606 F. App'x 543, 548 (11th Cir. 2015) (citing *Garner v. Shier* (*In re Garner*), 246 B.R. 617, 623 (9th Cir. BAP 2000)). "If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant." *In re Foster*, 500 B.R. 197, 202 (Bankr. N.D. Ga. 2013) (Diehl, J.) (citations omitted).

Here, Debtor only objects to the amount of the arrearage in the Claim. Ameris Bank contends that Debtor is barred by res judicata from challenging any arrearage based on the events that occurred from February 2020 through April 2024. Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999). Res judicata applies when four elements are satisfied: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the

4

same cause of action is involved in both cases." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011).

Here, the first three elements are satisfied. The Dismissal Order dismissed the District Court Case with prejudice for failure to state a claim, and the Dismissal Order was not appealed. In these circumstances the dismissal constitutes a final judgment on the merits for purposes of res judicata. *See Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1300 (11th Cir. 2021) (dismissal under Rule 12(b)(6) "generally signals a judgment on the merits" unless it is without prejudice, and "[f]inal merits judgments are, as a rule, claim-preclusive"). The District Court had federal-question jurisdiction over the claims arising under federal law and supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367(a). The parties in both matters are Debtor and Ameris Bank. The remaining question is whether the same cause of action is involved in both cases. "[T]wo cases are generally considered to involve the same cause of action if the latter case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as the former one." *Maldonado*, 664 F.3d at 1375-76 (internal quotation marks and citations omitted). It bars not only the claims raised in the earlier case, but also those claims that could have been raised in the prior case. *Id.* at 1377.

In the District Court Case, Debtor sought, among other things, a declaratory judgment that no amounts were due under the loan or alternatively "a declaratory judgment determining the exact amounts that may be due and owing[.]" [Doc. 44-1 ¶ 141]. In the Objection, Debtor asserts that from February 2020 to April 2024, she made payments on the mortgage debt totaling $364,824.39 [Doc. 36 ¶ 9]; that Ameris refused to accept Debtor's payments starting in March 2024 [Id.]; and that Ameris deposited a $10,707.14 payment submitted in March 2024 and subsequently returned the funds because it was continuing with the foreclosure process. [Id.].

5

Ameris also returned payments submitted by Debtor in April and May 2024. [Id. ¶ 10]. Ameris has refused to accept any more payments from Debtor and has failed to properly apply payments that were made. [Id.]. As a result, Debtor contends Ameris is not entitled to the $542,105.55 arrearage reflected on its Claim.

In the District Court complaint, Debtor also alleged that from February 2020 to April 2024, Debtor made payments on the debt totaling $364,824.39[1] [Doc. 44-1 ¶ 36]; that Ameris Bank refused to accept Debtor's payments starting in March 2024 [Id. ¶ 37, 40]; and that Ameris Bank returned subsequent payments submitted by Debtor. [Id. ¶ 41]. Also in the complaint, Debtor alleged that she received a letter dated March 20, 2024, notifying her of a default in monthly payments. [Id. ¶ 57]. The letter is attached to the complaint as Exhibit I. [Id. at 83]. The letter to Debtor from Ameris, in addition to notifying Debtor of the default, provides that the total amount needed to cure the default is $349,974.68 consisting of the monthly payments from May 1, 2021 to March 1, 2024 plus late charges and other charges in the amount of $4,103.29,[2] and states that the default must be cured by April 29, 2024. [Id. at 83-84].

In the R&R, the Judge Salinas stated: "Spencer also has not pled facts to support her conclusory allegations that Ameris failed to keep accurate records of the amounts she paid or to apply payments accurately or that Ameris failed to permit her to access relevant financial data." [Doc. 44-2 at 21]. And further that "Spencer also is not entitled to a declaration determining the amounts owed on the Loan or her rights to pay those amounts going forward *because she has not pled facts suggesting that there is an actual controversy about the amount owed* or her right to

---

[1] The complaint further alleged that under a program offered by Ameris in March 2020, Debtor received 17 months of payment forbearance, extending through November 1, 2021. [Doc. 44-2 ¶ 15, 17, 19].

[2] The payment history included with the Proof of Claim shows that on March 11, 2024, the past due balance for principal, interest, and escrow was $342,817.18, and the balance due for fees was $7,157.50, which totals $349,974.68. [Claim 5-1 at 11].

6

pay." [Id. at 31 (emphasis added)]. Because Debtor raised a claim challenging the amount owed on the arrearage and failed to plead sufficient facts to dispute the amount owed, any attempt to mount the same challenge through the Objection is barred by res judicata, at least with respect to arrearages accrued on the Claim as of March 20, 2024 in the amount of $349,974.68.

Debtor argues that she did not seek an accounting under O.C.G.A. § 23-2-70 in the District Court Case and that the District Court did not permit any such accounting under the declaratory judgment claim because Debtor sought the declaratory judgment "based on a contention that the Loan has been paid in full ...." [Doc. 49 at 3]. However, this tells only part of the story. Debtor did seek declaratory relief that "no amounts are due and owing" under the loan and that Ameris Bank is "not permitted to collect any amounts" from Debtor related to the loan and security deed. [Doc. 44-1 ¶ 140, 142]. And the R&R found the Debtor failed to state a claim for such relief because she failed to allege that she had paid the loan in full. [Doc. 44-2 at 31]. But Debtor's complaint also sought the following relief: "In the alternative [Debtor] should be issued a declaratory judgment determining the exact amounts that may be due and owing under the Home Loan and Forbearance Agreement and that [Debtor] has the right to pay these amounts going forward, which [Ameris Bank] must accept." [Doc. 44-1 ¶ 141]. It was this portion of the claim for declaratory relief that the R&R rejected because Debtor failed to plead any facts showing a controversy over the amount owed. [Doc. 44-2 at 31].

Furthermore, Debtor's failure to specifically seek relief under O.C.G.A. § 23-2-70[3] in the District Court Case does not prevent the application of res judicata because res judicata precludes claims that could have been, but were not, brought in the prior proceeding. A claim that

---

[3] O.C.G.A. § 23-2-70 provides for equity jurisdiction over certain "matters of account[.]" And "[a]n accounting under this Code section is not warranted if the accounts are not unusually complicated and an adequate remedy is available at law[.]" *Faircloth v. A.L. Williams & Assocs., Inc.*, 219 Ga. App. 560, 560, 465 S.E.2d 722, 723 (1995).

7

could have been brought is one that existed at the time of the prior proceeding. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1298 (11th Cir. 2001). Because the same conduct over the same time period is at issue regardless of whether the claim is couched as one for accounting or one for declaratory judgment, this argument does not overcome the res judicata effect of Dismissal Order on the Objection.

This Court sua sponte raised the question of the effect of the Bankruptcy Code's "cure and reinstate" provision on the res judicata analysis. Under 11 U.S.C. § 1124(2), a chapter 11 plan may provide for curing a prepetition default and reinstating the maturity of a claim. The Court agrees with Ameris Bank that the amount of arrearage to be cured is determined by the separate claims allowance process of § 502 and therefore does not impact the res judicata effect of the Dismissal Order on the Objection.

For the reasons stated herein, the Court find that res judicata establishes that arrearages accrued on the Claim as of March 20, 2024, in the amount of $349,974.68. With respect to amounts that accrued after March 20, 2024, Debtor has not identified which charges she contests and why and therefore has failed to overcome the prima facie validity of the Claim. Accordingly, it is

ORDERED that Debtor's Objection is OVERRULED without prejudice to Debtor amending the Objection to identify any arrearage amounts incurred after March 20, 2024 that she challenges and the basis for the challenge.

**END OF ORDER**

**Distribution List**

April Latrice Spencer
648 Carriage Way
Atlanta, GA 30327

David Dreyer
Dreyer & Associates
Suite 1602
260 Peachtree St.
Atlanta, GA 30303

BRET J. CHANESS
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071